Ron J. Kramer (#7568)
KRAMER LAW GROUP
8783 S. Redwood Rd., Ste. C
West Jordan, Utah 84088
Tel.: (801) 601-1229
Fax: (801) 996-8756
ron@ronkramerlaw.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| TEOTA COPPOCK,<br><br>Plaintiff,<br><br>v.<br><br>RESOURCE MANAGEMENT, INC., and DOES 1-5,<br><br>Defendants. | **COMPLAINT**<br><br>Civil No. _____<br><br>District Judge _____ |

Plaintiff Teota Coppock alleges as cause of action as follows:

1. This action arises under Title VII (42 U.S.C. § 2000)(e) et seq., of the Civil Rights Act, as amended by the Civil Rights Action 1991, 42 U. S. C. § 1981(a), and other supplemental state claims.

## JURISDICTION AND VENUE

2.  Jurisdiction for Plaintiff's claims under Title VII, 42 U.S.C. § 2000(e) et seq. of the civil rights act as amended, is predicated upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Jurisdiction for Plaintiff's state law claims is based upon the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

3.  Venue for this action is predicated upon 28 U.S.C. § 1391(b)(1) or (2).

## PROCEDURAL PREREQUISITES

4.  Plaintiff timely filed a verified complaint of sex and retaliation discrimination in employment against defendants with the Utah Antidiscrimination & Labor Division, Charge No. B8-0148. Plaintiff also concurrently filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC), Phoenix District office, as required by Federal law, charge number 540-2019-00097.

5.  On or around July 19, 2019, the EEOC issued a Notice of Right to Sue.

6.  Plaintiff has filed her lawsuit within the requisite 90 days of her receipt of the Notice of Right to Sue. Under Federal Rules of Civ. Proc. § 6(a), Plaintiff's Complaint is timely.

## PARTIES

7.  Plaintiff Teota Coppock ("Coppock") is a female residing in Salt Lake County, State of Utah, and was at all times relevant to this lawsuit, a resident of the same county. Plaintiff was an employee of May's Custom Title and Granite and also Resource Management, Inc., who was considered a "co-employer."

8.      Defendant Resource Management, Inc. (a staffing company) is believed to be a resident of the state of Utah and during all relevant times, is a company incorporated under the laws of Utah with significant, local operations in Utah.

9.      John Does 1-5 are individuals who worked for or who currently still work for May's Custom Tile & Granite or Resource Management, Inc. and who may have been involved in Plaintiff's sexual harassment and retaliation. These individuals, some whose identities may not currently be known, may be added at a later time to this suit.

## FACTUAL ALLEGATIONS

10.     Plaintiff was hired by May's Custom Tile & Granite on September 5, 2016, as an estimator and project manager.

11.      Between the months of September 2017 and December 2017, Plaintiff was subject to sexual harassment by Steve May, a former owner of the company.

12.     One day, Plaintiff walked into the office of the owner, and found him sitting at his desk with "a bunch of Kleenex on his desk and a bottle of lotion." It was plainly obvious what he had been doing.

13.     Between September 5, 2017 and October 26, 2017, Plaintiff on two occasions observed Mr. May's laptop open with pornography visible and crumbled wet tissues on his desk.

14.     During this time, Plaintiff would find pornographic images that had been printed out by May. According to the Plaintiff, there was a "constant attack of vaginas in our face on the printers, desk tops, and the showroom."

15. Plaintiff subsequently shared her observations with management, Steve and Bobbie May, along with Resource Management, Inc. She was told to work from home by RMI in order to avoid the hostile working environment and was "guaranteed we will all be safe going forward" by Bobbie May, who was the wife of the owner.

16. Plaintiff then filed a complaint with the EEOC and the Utah Labor Commission after reporting this behavior to the staffing company Resource Management, Inc. She also advised her employer of the actions that were taken in response to the harassment.

17. On November 30, 2017, the Plaintiff began receiving messages accusing her of wrongdoing by the wife of the owner, Bobbie May.

18. Plaintiff was told by management that Steve May had returned to work and would be taking control of her job duties and that the Defendant's attorney had advised that there was to be no communication between May and the Plaintiff. The Plaintiff was effectively unable to perform her job functions as a result of these instructions from management.

19. On December 11, 2017, Plaintiff was called into Bobbie May's office and was told to "sit her ass down" and that she "was no longer employed by the Mays." Plaintiff asked that she put this in writing and Ms. May obliged.

20. The retaliation described above and other retaliation not mentioned was malicious and/or reckless and was designed to punish plaintiff for exercising her right under Federal and State law.

## FIRST CAUSE OF ACTION

### – Sex Discrimination (42 U.S.C. § 2000)(e) et seq., (as amended) –

21.     Plaintiff incorporates by reference all allegations contained above.

22.     Plaintiff is a female and a member of a protected group and was discriminated against with respect to the terms, conditions, and privileges of her employment because of her gender.

23.     Defendants had knowledge of, or should have had knowledge of, condoned and failed to take immediate and appropriate corrective action against the sexual discrimination perpetrated against her.

24.     Defendants allowed and nurtured a hostile work environment in that the pervasive pornography in the workplace that Plaintiff was forced to endure was unwelcome, based on sex, and severe or pervasive enough to alter the conditions of Plaintiff's employment and create an intimidating, hostile, abusive and offensive working environment. Defendants' conduct had the further effect of unreasonably interfering with Plaintiff's work performance.

25.     Wherefore, Plaintiff prays for judgment against Defendants in amount sufficient to compensate Plaintiff, including compensatory damages, back-pay benefits, front-pay benefits, along with interest provided by law, for punitive damages, declaratory and injunctive relief and for court costs, expenses and reasonable statutory attorney fees together with interest thereon at the legal rate, as well as other relief deemed equitable in the premises.

## SECOND CAUSE OF ACTION

### – Retaliation in Violation of Title VII –

26. Plaintiff incorporates by reference all allegations contained above.

27. Plaintiff was retaliated against following her lawful complaint of sexual harassment.

28. Plaintiff has received negative and retaliatory treatment by supervisors and management based on her rightfully-waged sexual harassment complaints.

29. Plaintiff has been damaged as alleged above and prays for judgment against defendant in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### – Negligent Employment –

30. Plaintiff incorporates by reference all allegations contained above.

31. Defendant Resource Management, Inc. owed a duty to Plaintiff to ensure that her co-workers and supervisors were persons who were and remained fit and competent to perform their job(s).

32. Defendant owed a duty to Plaintiff to take appropriate action when informed of her supervisor and co-worker's inappropriate conduct and the hostile work environment.

33. Plaintiff reported the hostile work environment and Mr. May's actions to her employer, Defendant Resource Management Inc.

34. Defendant breached these duties when they failed to take action to prevent the plaintiff from further workplace harassment and exposure to pervasive pornography in the workplace.

35. Defendant further breached their duties when they failed to prevent Plaintiff from being subject to retaliatory and unwarranted termination from her employment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general compensatory damages in a reasonable amount, to be determined by the trier of fact.

2. For back pay in a reasonable amount to be determined at trial;

3. For future pecuniary loss;

4. For emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life, as proven at trial;

5. For other non-pecuniary losses as may be proven;

6. For special damages as are shown at trial;

7. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

8. For Plaintiff's costs and reasonable attorney fees incurred herein, pursuant to 42 U.S.C. § 1988;

9. For such other and further relief as the Court deems just and proper in the premises.

DATED this 17th day of October, 2019.

/s/ Ron J. Kramer

RON J. KRAMER
PATRICK R. CHAREST
Attorneys for Plaintiff