IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TEOTA COPPOCK,** | **ORDER** |
| **Plaintiff,** | |
| v. | Case No. 2:19-cv-00775-JCB |
| **RESOURCE MANAGEMENT, INC. and DOES 1-5,** | |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

Before the court is Plaintiff Teota Coppock's ("Ms. Coppock") motion for leave to amend complaint.[1]  Based upon the analysis set forth below, Ms. Coppock's motion is denied.

Ms. Coppock's complaint in this action was filed on October 17, 2019.[2]  Pursuant to Fed. R. Civ. P. 4(m), service of a summons and complaint must be completed within 90 days of the filing of the complaint.  On April 22, 2020, the court issued an order to show cause[3] because, as of the date of that order, more than 90 days had passed since the filing of Ms. Coppock's complaint, and she had not provided the court with the requisite proof of service to demonstrate that a summons and the complaint had been served in a timely fashion upon Defendant Resource Management, Inc. ("RMI").  Fed. R. Civ. P. 4(*l*).  Ms. Coppock was ordered to show cause why

---

[1] ECF No. 11.

[2] ECF No. 2.

[3] ECF No. 5.

this action should not be dismissed for failure to prosecute.  Fed. R. Civ. P. 4(m); DUCivR 41-2 ("The court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution.").  Ms. Coppock was directed to file a response to the order to show cause on or before May 15, 2020, to inform the court of the status of this action and her intentions to proceed.  Ms. Coppock was warned that her failure to do so could result in dismissal of this action.  Fed. R. Civ. P. 4(m); DUCivR 41-2 ("If good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper.").

Albeit a week late, Ms. Coppock filed a status report in response to the order to show cause.[4]  In that report, Ms. Coppock indicated that she served RMI with a summons and the complaint.  However, Ms. Coppock did not file any proof of service as required by Fed. R. Civ. P. 4(*l*).  Ms. Coppock further indicated that she and RMI were in the process of settlement negotiations and, therefore, that the parties agreed to an informal, open-ended extension for RMI to respond to the complaint pending the outcome of those negotiations.  As such, Ms. Coppock requested an additional 45 days for the parties to explore a potential resolution.

On August 26, 2020, Ms. Coppock filed another status report.[5]  In that report, Ms. Coppock requested an additional 60 days to complete settlement negotiations with RMI.

---

[4] ECF No. 7.

[5] ECF No. 9.

On November 3, 2020, after those 60 days had expired and there had been no further action in this case, the court issued a second order to show cause.[6] Ms. Coppock was again ordered to show cause why this action should not be dismissed for failure to prosecute. Fed. R. Civ. P. 4(m); DUCivR 41-2. Ms. Coppock was ordered to file a response to the second order to show cause on or before November 17, 2020, to inform the court of the status of this action and her intentions to proceed. Ms. Coppock was again warned that her failure to do so could result in dismissal of this action. Fed. R. Civ. P. 4(m); DUCivR 41-2.

On November 10, 2020, Ms. Coppock filed the motion currently before the court[7] and another status report.[8] However, Ms. Coppock has still not filed proof of service of the summons and complaint under Fed. R. Civ. P. 4(*l*).

In the status report, Ms. Coppock indicates that she wishes to proceed with this case. She also indicates that she sought a stipulation from RMI's counsel to allow her to file an amended complaint. According to Ms. Coppock, RMI refused to stipulate, which necessitated her motion for leave to amend. In her motion, Ms. Coppock indicates that she completed service of the summons and complaint on RMI on February 10, 2020. She also reiterates that she stipulated to RMI's request for additional time to respond to the complaint pending the outcome of settlement negotiations. Ms. Coppock then requests leave to amend her complaint.

---

[6] ECF No. 10.

[7] ECF No. 11.

[8] ECF No. 12.

The court denies Ms. Coppock's motion for several reasons. First, although she indicates that she completed service of the summons and complaint on RMI on February 20, 2020, that service was completed more than one year beyond the 90-day limit set forth in Fed. R. Civ. P. 4(m). Importantly, Ms. Coppock has never moved for an extension of that limit. Second, she still has not filed any proof of service as required by Fed. R. Civ. P. 4(*l*). Without proper service of the original complaint, the court will not permit Ms. Coppock to now amend her complaint and effectively restart this litigation. Instead, Ms. Coppock must move for an extension of time under Fed. R. Civ. P. 4(m) to properly serve the original complaint upon RMI. Assuming for the moment that she can establish "good cause" under Fed. R. Civ. P. 4(m), and assuming that the court provides her with such an extension, she would then need to complete timely and proper service of the original complaint and file the proof of service required by Fed. R. Civ. P. 4(*l*). Thereafter, Ms. Coppock would not need leave of court to amend her complaint, but instead could amend it under Fed. R. Civ. P. 15(a)(1) "as a matter of course within . . . 21 days after serving it."

For those reasons, Ms. Coppock's motion for leave to amend complaint[9] is DENIED.

IT IS SO ORDERED.

DATED December 23, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[9] ECF No. 11.

4