THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TEOTA COPPOCK,<br><br>Plaintiff,<br><br>vs.<br><br>RESOURCE MANAGEMENT, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [51] PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>Case No. 2:19-CV-00775<br><br>District Judge David Barlow |

Before the court is Plaintiff's Motion to Amend Complaint.[1] Plaintiff asks for leave to file an amended complaint correcting an inaccurate factual statement in paragraph 5 of the First Amended Complaint regarding the date of the letter she received an EEOC Notice of Right to Sue Letter as to Defendant Resource Management, Inc (RMI).[2] This factual mistake was also raised at the hearing on RMI's Motion for Judgment on the Pleadings held on September 28, 2021.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." And the court is to "freely give leave when justice so requires."[3] Plaintiff's motion indicates that RMI has not provided consent to amend the complaint. So, the court must determine if justice requires allowing the amendment. While the motion to amend standard is not without limits, the Tenth Circuit has

---

[1] ECF No. 51, filed October 12, 2021.

[2] *Id.* at 1.

[3] Fed. R. Civ. P. 15(a)(2).

indicated that it is a liberal standard and "reflects the basic policy that pleadings should enable a claim to be heard on its merits."[4]

Because of the liberal standard in allowing amendments, the need for pleadings to contain accurate factual statements, and the minimal prejudice to RMI in allowing the amendment, the court finds good cause to allow Plaintiff to file the Second Amended Complaint. Therefore, Plaintiff's motion is GRANTED. Plaintiff must file the Second Amended Complaint within fourteen days of this order.

Dated October 13, 2021.

BY THE COURT

David Barlow
United States District Judge

---

[4] *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014); *see also Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).